UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV12 - 1513

------------------------------------------------------------X

PERNICE WITHERSPOON,

                                     Plaintiff,      **COMPLAINT**

-against-

THE CITY OF NEW YORK and P.O.s JOHN and JANE    **JURY TRIAL DEMANDED**
DOE #1-20, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                 Defendants.

------------------------------------------------------------X

Plaintiff PERNICE WITHERSPOON, by her attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff PERNICE WITHERSPOON is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants P.O.s JOHN and JANE DOE #1-20 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On May 14, 2010, at approximately 7:30 p.m., plaintiff PERNICE WITHERSPOON was lawfully seated on the porch steps of her residence, the premises known as 33-12 107th Street, in the County of Queens, in the City and State of New York.

14. At aforesaid time and place, defendant police officers arrived to execute a warrant at an apartment within the premises.

15. The warrant was not for plaintiff PERNICE WITHERSPOON's apartment, nor did defendants have any reason to believe that it was.

16. Plaintiff PERNICE WITHERSPOON, a frail 63-year-old woman, did not pose any threat to defendants.

17. Nonetheless, defendant police officers forced plaintiff PERNICE WITHERSPOON to remain seated on the steps for several hours, despite her repeated requests to leave.

18. Plaintiff PERNICE WITHERSPOON repeatedly advised defendant police officers that she took diuretics and needed to use the bathroom.

19. Defendant police officers refused to allow plaintiff PERNICE WITHERSPOON to use the bathroom.

20. As a result, plaintiff PERNICE WITHERSPOON urinated on herself.

21. Upon information and belief, photographs and video of plaintiff PERNICE WITHERSPOON being held in custody by defendants were posted on the internet.

22. Because defendant police officers held plaintiff PERNICE WITHERSPOON in custody for several hours in public view, plaintiff's neighbors, co-workers, and fellow churchgoers came to believe that drugs had been found in plaintiff's apartment.

23. As a result of the foregoing, plaintiff PERNICE WITHERSPOON sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, and humiliation, damage to reputation, and deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. As a result of the aforesaid conduct by defendants, plaintiff PERNICE WITHERSPOON was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

32. As a result of the foregoing, plaintiff's liberty was restricted, she was put in fear for her safety, and she was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants P.O.s JOHN and JANE DOE #1-20 arrested plaintiff PERNICE WITHERSPOON in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies,

usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

37. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, improperly holding innocent individuals in custody while executing search and/or arrest warrants.

38. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated instances of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Edwin Lopera, et al. v. City of New York,** United States District Court, Eastern District of New York, 03 CV 6441;

- **Ramon Sanchez, et al. v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 1732;

- **Jose Mateo, et al. v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 1733;

- **Karen Alicea v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 10249;

- **Matasha Bell v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1722;

- **Lisa Ramos v. City of New York,** United States District Court, Southern District of New York, 05 Civ. 2567;

- **Regina Kitching, et al. v. City of New York,** United States District Court, Eastern District of New York, 06 CV 0364;

- **Tracie Bonneau v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 5207;

- **Diane Davis v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 13647;

- **Donna Grant, et al. v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 5203;

- **Helen Frederick v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 5205;

- **Deborah Porter, et al. v. City of New York,** United States District Court, Eastern District of New York, 06 CV 5926;

- **John Saperstein v. City of New York,** United States District Court, Eastern District of New York, 09 CV 0312.

39. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff PERNICE WITHERSPOON.

40. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff PERNICE WITHERSPOON as alleged herein.

41. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff PERNICE WITHERSPOON as alleged herein.

42. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff PERNICE WITHERSPOON was falsely arrested and her constitutional rights were violated.

43. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff PERNICE WITHERSPOON.

44. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were

directly responsible for the violation of plaintiff PERNICE WITHERSPOON's constitutional rights.

    45.    The acts complained of deprived plaintiff PERNICE WITHERSPOON of her rights:

        A.    Not to be deprived of liberty without due process of law;

        B.    To be free from seizure and arrest not based upon probable cause;

        C.    Not to have summary punishment imposed upon her; and

        D.    To receive equal protection under the law.

    46.    As a result of the foregoing, plaintiff PERNICE WITHERSPOON is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff PERNICE WITHERSPOON demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
              March 26, 2012

                                                        */s/ Rose M. Weber*
                                                        ROSE M. WEBER (RW 0515)
                                                        225 Broadway, Suite 1607
                                                        New York, NY 10007
                                                        (212) 748-3355