UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

PERNICE WITHERSPOON,

                                        Plaintiff,

              -against-

THE CITY OF NEW YORK and P.O.s JOHN and
JANE DOE #1-20, individually and in their official
capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                        Defendants.
---------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

12 CV 1513 (WFK) (RLM)

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about March 28, 2012, in the United District Court for the Eastern District of New York alleging that the defendant violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendant has denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

        **WHEREAS,** plaintiff **PERNICE WITHERSPOON** has authorized her counsel to settle this matter on the terms set forth below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

        1.     The above-referenced action is hereby dismissed against defendant, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2.     Defendant **CITY OF NEW YORK** hereby agrees to pay plaintiff **PERNICE WITHERSPOON** the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendant City of New York, and to release the defendant and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3.     Plaintiff shall execute and deliver to defendant City's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4.     Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation and

settlement shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York and all defendants regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject

matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       August 6, 2012

Rose M. Weber, Esq.
Attorney for Plaintiff
225 Broadway, Suite 1607
New York, New York 10007
(212) 748-3355

By: _____
    Rose M. Weber, Esq.
    Attorney for Plaintiff

MICHAEL A. CARDOZO
Corporation Counsel of the
 City of New York
Attorney for Defendant City of New York
100 Church Street
New York, New York 10007
(212) 341-9848

By: _____
    Diep Nguyen
    Assistant Corporation Counsel

SO ORDERED:

s/WFK

_____
HONORABLE WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
       August 6, 2012

4